NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 22 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HAK BYONG KIM; et al., | No.   17-71403 |
| Petitioners, | Agency Nos.   A098-832-691 |
| v. | A098-847-727 |
| | A098-847-728 |
| WILLIAM P. BARR, Attorney General, | A098-847-729 |
| Respondent. | MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 19, 2019**

Before:     FERNANDEZ, SILVERMAN, and WATFORD, Circuit Judges.

Hak Byong Kim and his family, natives and citizens of Korea, petition for review of the Board of Immigration Appeals' ("BIA") order denying their motion to reopen removal proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, and we review

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

de novo due process claims. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion or violate due process in denying petitioners' untimely motion to reopen based on ineffective assistance of counsel, where they filed it six months after the final order of removal. *See* 8 C.F.R. § 1003.2(c)(2). Petitioners contend their attorney, Martin, failed to inform them of the BIA's 2016 decision and their right to appeal it; however, they failed to demonstrate that Martin represented them in that appeal. To the extent petitioners contend their attorney of record for the 2016 appeal, Redburn, was also ineffective, they failed to comply with the procedural requirements of *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988). *See Tamang v. Holder*, 598 F.3d 1083, 1090-91 (9th Cir. 2010) (failure to satisfy *Matter of Lozada* requirements was fatal to ineffective assistance of counsel claim); *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and substantial prejudice to prevail on a due process challenge).

Petitioners request that we revisit *Lara-Torres v. Ashcroft*, 383 F.3d 968 (9th Cir. 2004), but a three-judge panel cannot overrule circuit precedent in the absence of an intervening decision from a higher court or en banc decision of this court. *See Avagyan v. Holder*, 646 F.3d 672, 677 (9th Cir. 2011).

To the extent petitioners seek review of the BIA's June 2016 order dismissing their appeal from the immigration judge's denial of Kim's adjustment

of status application, we lack jurisdiction because this petition is not timely as to that order. *See* 8 U.S.C. § 1252(b)(1).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**